891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy THACKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, Respondent.
 No. 89-3282.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH,* District Judge.
 PER CURIAM.
 
 
 1
 Claimant Jimmy Thacker appeals from the denial of black lung benefits. Following a hearing, the Administrative Law Judge (ALJ) reached the following conclusions:
 
 
 2
 1. Claimant was entitled to credit for only four months and three years of coal mine employment, and thus was not entitled to the benefit of the ten years presumption.
 
 
 3
 2. The x-ray evidence did not establish that claimant had pneumoconiosis.
 
 
 4
 3. Following the rules established by 20 C.F.R. § 718.202(a)(4), notwithstanding the fact that the x-ray evidence did not establish pneumoconiosis, the medical opinion evidence did establish that claimant had pneumoconiosis.
 
 
 5
 4. Because the medical evidence establishing pneumoconiosis was based on doctors' assumptions that claimant had between 17 and 23 years of mine employment, and because the ALJ determined that claimant was entitled to credit for only four years and three months of mine employment, the conclusions of doctors that claimant's pneumoconiosis was causally related to coal mine employment were unreliable. As a result, claimant had failed to carry his burden of establishing that his pneumoconiosis arose out of coal mine employment as required by 20 C.F.R. § 718.203.
 
 Length of Coal Mine Employment
 
 6
 Claimant suffered a stroke about a year prior to his 1987 hearing, and the resulting memory loss made it difficult to establish the length of his employment in the mines. The ALJ found that although claimant was "a forthright witness, in light of his admitted memory problems as a result of a stroke, ... his testimony in relation to specific dates and names is not reliable.
 
 
 7
 Claimant's testimony that he worked in the mines for 18 years between 1937 and 1958 (with some time out for injuries) was not fully corroborated by comparison with other applications filled out for him in the past (he neither reads nor writes, and signs his name with an "x"), and much of the evidence on the length of employment was confusing and contradictory.
 
 
 8
 In reaching his conclusion that claimant worked for four years and three months, the ALJ relied on (1) a statement from Dixie Mining Company, one of the mining companies at which claimant alleged he worked, confirming that he worked there for two years, and (2) a Social Security Earnings Record which documented mine work for nine qualifying quarters (quarters in which the miner earned more than $50). The earnings record contained evidence of work with 11 of the 13 coal-mine employers for whom claimant claimed to have worked. The earnings record did not, however, include the work verified by Dixie, although the record purported to cover that period of time.
 
 
 9
 On motion for reconsideration, claimant raised the argument that is the primary basis for this appeal, namely that a 1974 determination by a Social Security Administration ALJ that claimant was entitled to credit for 15 years of mine work should be accorded preclusive effect under the doctrine of collateral estoppel. The ALJ found, however, that precedent of the Benefits Review Board would not allow him to accord preclusive effect to such a finding, and apparently gave it no weight whatsoever.
 
 
 10
 The Benefits Review Board affirmed the finding that the conclusion of the ALJ in the 1974 claim was not binding in the instant claim. The Board also concluded that because claimant did not introduce a transcript of his testimony from the 1974 hearing, the conclusion of the ALJ in 1974 was not entitled to be given determinative weight as an evidentiary matter.
 
 Collateral Estoppel
 
 11
 Preclusion under the doctrine of collateral estoppel requires meeting four criteria:
 
 
 12
 (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
 
 
 13
 (2) determination of the issue must have been necessary to the outcome of the prior proceeding;
 
 
 14
 (3) the prior proceeding must have resulted in a final judgment on the merits; and
 
 
 15
 (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.
 
 
 16
 Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987) (footnotes omitted).
 
 
 17
 Of the four criteria, it would appear that only number (3) has been met. The Social Security ALJ's findings do not show that the length of claimant's employment was actually litigated. As the Director puts it, "Although 15 years of coal mine employment was noted in the administrative law judge's finding of fact, this no more presupposes claimant's employment history as a litigated issue than the judge's similar finding that claimant was born in February 1915 presupposes claimant's age as a litigated issue."
 
 
 18
 Claimant also fails to meet criterion number (2), because the finding of 15 years of employment was not necessary in order to deny him benefits, as the judge in that proceeding did. Furthermore, the Director did not have a full and fair opportunity to litigate the issue in the earlier proceeding, and the 15-year finding was not appealable by the SSA, a fact that further supports a finding of no preclusion. Restatement (Second) of Judgments, § 28(1) (1980).
 
 
 19
 Counsel for claimant urges this court to carve out an exception to the strict requirements usually applied to issue preclusion in light of his client's impaired memory. We decline, and instead find that the Director is not precluded from litigating the length of claimant's coal mine employment.
 
 Evidentiary Rulings
 
 20
 Claimant asserts that employment histories provided by him to his doctors prior to his stroke, as well as the Social Security ALJ's findings, should have been considered by the ALJ as evidence relevant to the length of employment. We agree. Hearsay evidence is admissible as a general matter in black lung administrative proceedings. Admission of evidence under the Act "is constrained only by its relevancy." Evosevich v. Consolidation Coal Co., 789 F.2d 1021, 1025 (3rd Cir.1986); see also Richardson v. Perales, 402 U.S. 389, 409-410 (1971).
 
 
 21
 The Director cites Snider v. Director, OWCP, No. 86-3529 (4th Cir.1986), for the proposition that Social Security Earnings Records may provide substantial evidence to support a finding regarding the length of coal mine employment. While this is a correct statement of the law, claimant in this case points to evidence that may be deemed to supplement his earnings record concerning the Dixie employment. Consideration of the statements made to doctors prior to his stroke should be taken into account along with other evidence relating to coal mine employment.
 
 Causation Analysis
 
 22
 The ALJ found that claimant's X-rays did not establish that he had pneumoconiosis. Nonetheless, the ALJ, applying 20 C.F.R. § 718.202(a)(4), found that plaintiff did suffer from pneumoconiosis. Because the doctors who diagnosed claimant's condition as having been caused by coal mine employment were under the impression that claimant had worked for between 17 and 23 years in the mines (a supposition directly contrary to the ALJ's findings), the ALJ concluded that no reliable evidence existed to suggest that claimant's condition was caused by working in the mines.
 
 
 23
 These two findings are difficult to reconcile. 20 C.F.R. § 718.202(a)(4) states:
 
 
 24
 A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative x-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in Section 718.201.
 
 
 25
 20 C.F.R. § 718.202(a)(4) (emphasis added).
 
 
 26
 Pneumoconiosis is defined in section 718.201 as:
 
 
 27
 a chronic dust disease of the lung and its sequelae including respiratory and pulmonary impairments, arising out of coal mine employment [, i.e.,] significantly related to, or substantially aggravated by, dust exposure in coal mine employment.
 
 
 28
 20 C.F.R. § 718.201 (emphasis added).
 
 
 29
 The ALJ's findings were thus inconsistent. The Benefits Review Board noted that it was error for the ALJ not to address whether claimant's condition was "significantly related to, or substantially aggravated by, dust exposure in coal mine employment," but found that this was harmless error, because of the ALJ's finding that the record lacked credible medical evidence to suggest causation.
 
 
 30
 Dr. Clarke diagnosed claimant's condition as having arisen from coal mine employment, a conclusion he reached at least in part because of the exclusion of other possible causes, not simply in reliance on claimant's asserted work history. Claimant had no history of smoking, and Dr. Clarke's report stated, "Throughout the entire examination, I have been unable to determine any other cause for his disabling dyspnea other than his work in a dusty environment."
 
 
 31
 This exclusion of other potential causes of pneumoconiosis may be an important factor in establishing causation. In comments published contemporaneously with the Part 718 regulations, the Department of Labor noted:
 
 
 32
 While it is true that a definitive diagnosis of pneumoconiosis is best made with pathologic examination of the lung, it is also true that a diagnosis can be made with reasonable certainty on the basis of other factors. In the absence of a positive x-ray, when a significant pulmonary impairment has been demonstrated on the basis of objective tests, and no significant factors other than coal mine dust exposure causing pulmonary impairment are shown to exist, then a diagnosis by exclusion may be made. Each claim should be considered on the basis of all the relevant evidence available.
 
 
 33
 45 Fed.Reg. 13678, 13687 (February 29, 1980) (emphasis added).
 
 
 34
 In order to be eligible for black lung benefits, the claimant must show that his pneumoconiosis "arose at least in part out of coal mine employment." 20 C.F.R. § 718.203(a). This is a lesser standard than the one than underlies a finding of pneumoconiosis under 20 C.F.R. § 718.202(a)(4). Because of the conflicting nature of the ALJ's findings, and because it is uncertain whether the evidence, properly considered, could support a finding that claimant's condition was causally related to his exposure to coal dust, we find that the inconsistent treatment by the ALJ was not necessarily harmless error. In this respect, we disagree with the Board.
 
 
 35
 Accordingly, we REMAND this case to the Administrative Law Judge with instructions:
 
 
 36
 (1) to consider all relevant evidence of coal mine employment in arriving at a conclusion on the length of claimant's coal mine employment; and
 
 
 37
 (2) if that inquiry results in a finding that claimant worked less than ten years in the mines, then the ALJ should again consider the applicability of 20 C.F.R. § 718.202(a)(4), and should state specifically his findings on the question of whether claimant suffers from pneumoconiosis as defined in 20 C.F.R. § 718.201.
 
 
 
 *
 THE HONORABLE RICHARD F. SUHRHEINRICH, United States District Court for the Eastern District of Michigan, sitting by designation